VIRGINIA:

IN THE CIRCUIT COURT FOR THE CITY OF ROANOKE

| | |
|---|---|
| TAMMY LAVONNE HARMON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: CL20-2918 |
| ) | |
| SAM'S EAST, INC., ) | |
| 1455 Towne Square Blvd. NW ) | |
| Roanoke, Virginia 24012 ) | |
| ) | |
| A DIVISION OF ) | |
| ) | |
| WALMART, INC., ) | |
| 708 SW 8th Street ) | |
| Bentonville, Arkansas 72716 ) | |
| ) | |
| Defendants. ) | |

## ANSWER

COME NOW the defendants, Sam's East, Inc. and Walmart, Inc. (collectively referred to herein as "Defendants" or "the defendants"), by counsel, and file this Answer to the allegations contained in the plaintiff's Complaint and, in support thereof, state as follows:

1. Defendants deny paragraph 1 of the plaintiff's Complaint, as stated. It is admitted, however, that Sam's East, Inc., is an Arkansas corporation with its principal place of business in Arkansas. It is further admitted that it owns and/or operates the Sam's Club retail store located in Roanoke, Virginia.

2. Paragraph 2 states legal conclusions that need not be admitted or denied. To the extent that paragraph 2 states any factual allegations against the defendants, all such allegations are denied.

3. Defendants deny the allegations stated in paragraph 3.

4. With regard to paragraph 4, the defendants admit that the plaintiff was on or near the premises of the Sam's Club retail store located in Roanoke, Virginia, on or about the date at issue.

Defendants are currently without sufficient information to admit or deny the remainder of paragraph 4 and, therefore, deny the same.

5. Defendants are currently without sufficient information to admit or deny the allegations stated in paragraph 5 and, therefore, deny the same.

6. All allegations in the plaintiff's Complaint not expressly admitted herein are denied.

## Affirmative and Separate Defenses

Defendants state the following as their affirmative and separate defenses:

1. Defendants deny that the plaintiff's incident occurred as described in her Complaint.

2. Defendants deny being guilty of any act of negligence which proximately caused the incident in question.

3. Defendants deny breaching any legal duty owed to the plaintiff.

4. Defendants affirmatively aver and will make the defense at trial that the plaintiff was contributorily negligent and/or assumed the risk of her injuries, thereby barring her recovery herein, should evidence supporting such defenses be developed during the course of discovery or at trial.

5. Defendants affirmatively aver and will make the defense at trial that the condition complained of was open and obvious to the plaintiff and, therefore, required no warning on their part, should such a defense be developed during the course of discovery or at trial.

6. Defendants affirmatively aver and will make the defense at trial that the condition complained of does not amount to an "unsafe condition" or "defect" under Virginia law, should evidence supporting such a defense be developed during the course of discovery or at trial.

7. Defendants affirmatively aver and will make the defense at trial that the plaintiff's injuries were caused by a third party or parties for whose actions they are not responsible at law, should evidence supporting such a defense be developed during the course of discovery or at trial.

8.  Defendants reserve the right to rely upon any and all defenses available to them under the law, specifically including, but not limited to, failure to file suit within the applicable statute of limitations, accord and satisfaction, and/or failure to mitigate damages, should evidence supporting such defenses be developed during the course of discovery or at trial.

9.  Defendants deny that the plaintiff was injured and damaged to the extent and with the consequences alleged in the Complaint and, therefore, call upon the plaintiff for strict proof of all such alleged damages.

10. Defendants deny that Walmart, Inc. is a proper party to this lawsuit.

11. Defendants demand a trial by jury.

SAM'S EAST, INC., and
WALMART, INC.

By: _____
Of Counsel

C. Kailani Memmer (VSB No. 34673)
Victor S. ("Dinny") Skaff, III (VSB No. 40054)
GLENN ROBINSON CATHEY MEMMER & SKAFF PLC
Fulton Motor Lofts
400 Salem Avenue, S.W., Suite 100
Roanoke, Virginia 24016
Telephone: (540) 767-2200
Facsimile: (540) 767-2220
kmemmer@glennrob.com
vskaff@glennrob.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on 14th day of December, 2020, a copy of the foregoing Answer was sent by first-class mail to the following:

Jonathan L. McGrady, Esq. (VSB No. 38679)
MCGRADY & MCGRADY, L.L.P.
P.O. Box 605
Hillsville, Virginia 24343
Telephone: (276) 728-2591
Facsimile: (276) 728-2586
jonathan@mcgradylaw.com

*Counsel for Plaintiff*

By: _____
    Of Counsel

4